IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| MABEL FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PET PARTNERS, LLC d/b/a DR. MARTY,<br><br>Defendant. | Civil Action No. _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant California Pet Partners, LLC d/b/a Dr. Marty ("California Pet Partners" or "Defendant"), hereby removes Case No. CACE-22-004650 from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action") to the United States District Court for the Southern District of Florida. California Pet Partners' grounds for removal are as follows:

## I.   NATURE OF THE CASE

1. On or about March 29, 2022, Plaintiff Mabel Flores ("Plaintiff") initiated the State Court Action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. A true and correct complaint in the State Court Action (the "Complaint") served upon Defendant is attached hereto as **Exhibit A.**

2. Defendant was served with the Complaint and summons in the State Court Action on November 28, 2022 when it, by and through its counsel, waived service of process. A true and correct copy of the Waiver of Service of Process is attached hereto as **Exhibit B.**

3. A copy of the State Court Docket Sheet is attached as **Exhibit C.**  A copy of all

other papers filed in the State Court Action are attached hereto as **Exhibit D**.

4. The Complaint alleges that California Pet Partners violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by making calls and/or sending texts without Plaintiff's consent. **Exhibit A**, ¶¶ 60-66. Plaintiff brings a single count for alleged violations of the FTSA. *Id*. Plaintiff filed the State Court Action "on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*. at ¶ 55.

5. According to Plaintiff, the FTSA authorizes actual damages or statutory damages of $500, whichever is greater, for each violation of the FTSA and "up to $1,500 for every violation where the Court finds that the Defendant willfully or knowingly violated § 501.059(10)(a) of the FTSA." *Id.* at 3(b) (Wherefore clause). Plaintiff also alleges entitlement to reasonable attorney's fees, costs, and injunctive relief. *Id.* at 3(d)(e) (Wherefore clause).

6. Plaintiff seeks to represent the following putative classes:

   a. "All persons in Florida who, without prior express invitation/consent:" (1) "were sent a telephonic sales call and/or text(s) regarding Defendant's goods and/or services" and (2) using the same equipment or the same type of equipment utilized to call and/or text Plaintiff."

   b. "All persons within the United States who, within the four years prior to the filing of this Complaint, received a telemarketing call and/or one or more text(s) from Defendant, or any one Defendant's behalf that did not disclose:" (1) "the name of the individual caller; and/or" (2) the name of the person or entity on whose behalf the call is being made; and/or" (3) "a valid, transparent telephone number or address at which the person or entity may be contacted." *Id.* at ¶56.

7. This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA") and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

8. Defendant is required to file its notice of removal within thirty days of formal service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Accordingly, Defendant is required to file its notice of removal on or before December 28, 2022.

9. California Pet Partners denies Plaintiff's allegations, denies it engaged in any wrongdoing, disputes Plaintiff's asserted claims, and disputes that Plaintiff is entitled to any relief on both an individual and a class-wide basis. California Pet Partners addresses Plaintiff's claims and allegations herein solely to demonstrate the propriety of removal based on Plaintiff's allegations but maintains that it engaged to no wrongdoing and Plaintiff and the purported class are not entitled to any relief.

## II.    ALL THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED.

### A.    Class Action.

10. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

11. A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition as Plaintiff's suit is brought "on behalf of herself individually and on behalf of all other similarly situated persons as a class action…." Ex. A, ¶ 55-56. The Complaint itself is also styled as a "Class Action Complaint" and contains an entire section devoted to "Class Representation Allegations" purporting to be "[p]ursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*.

**B.     Diversity of Citizenship.**

12. The diversity requirement of § 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." The citizenship of a limited liability company for purposes of determining diversity jurisdiction is based upon the citizenship of all the members of the limited liability company. *See Rolling Greens MHP v. Comcast*, 374 F. 3d 1020, 1022 (11th Cir. 2004).

13. Here, this requirement is met as there is complete diversity of citizenship between the named Plaintiff and California Pet Partners. California Pet Partners is a California limited liability company. At the time of the commencement of this action and as of the date of this Notice of Removal, California Pet Partners has one member, Altern Marketing, LLC, which is a California LLC. Altern Marketing, LLC has one member, which is a Delaware LLC. That Delaware LLC has one member, a corporation with its place of incorporation and principal place of business in California. Therefore, at the time of the commencement of this action and as of the date of this Notice of Removal, California Pet Partners is a citizen of the State of California.

14. At the time of the commencement of this action and as of the date of this Notice of Removal, Plaintiff is a citizen of the State of Florida. To be a citizen of the State of Florida for purposes of diversity, a person's domicile must be in the State of Florida. *Adderley v. Three Angels Broadcasting Network, Inc.*, 2019 WL 7189887, *2 (S.D. Fla. Dec. 26, 2019). "Domicile is determined by two factors: (1) residence and (2) intent to remain." *Id.* "In determining domicile, a court should consider both positive evidence and presumptions." *Id.* "One such presumption is that the state in which a person resides at any given time is also that person's domicile." *Id.* Plaintiff alleges she "is, and at all times relevant hereto was, a resident of Broward County, Florida…." **Exhibit A**, at ¶3. Plaintiff further alleges she has purportedly received texts from Defendant since "approximately 2018." *Id.* at ¶17. Thus, pursuant to the allegations of the Complaint, Plaintiff has been a resident of Broward County, Florida since 2018. Plaintiff does not allege that she has resided in another State or that her domicile is in another State. Accordingly, Plaintiff is presumed to be a citizen of the State of Florida. Thus, at least one member of the class of plaintiffs and, in fact, the named plaintiff herself, is a citizen of a state different from that of the sole Defendant in this action, satisfying the diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A).

    **C.**     **Number of Proposed Class Members.**

15. Plaintiff alleges in her Complaint that the number of class members is believed to be "in the several thousands, if not more." **Exhibit A**, ¶52. Thus, based on Plaintiff's own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied for purposes of 28 U.S.C. § 1332(d)(5)(B).

**D.    Amount in Controversy.**

16.    CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). The amount in controversy is not proof of "how much the plaintiffs are ultimately likely to recover" and is instead an "estimate of how much will be put at issue during the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17.    While California Pet Partners denies any wrongdoing and denies that Plaintiff or any purported class is entitled to any of the relief sought in the Complaint, the relief that Plaintiff seeks through statutory damages exceeds CAFA's $5,000,000 amount-in-controversy requirement.

18.    Plaintiff seeks "a minimum of $500.00 in statutory damages" for each alleged violation of the FTSA. **Exhibit A**, ¶3(b) (Wherefore clause). Plaintiff seeks to certify a class of all individuals in Florida who without their express consent received a call or text from Defendant regarding Defendant's good and/or services. *Id.* at ¶56. Plaintiff alleges the class members to be "in the **several thousands**, if not more." *Id.* at ¶52 (emphasis added).

19.    Plaintiff further alleges in the Complaint that Defendant's text messages to Plaintiff began "on or about 2018 and have continued to be submitted (almost on a weekly basis) through March 2022 and beyond." *Id.* at ¶¶20, 24. Plaintiff alleges that Defendant "caused similar telephonic sales calls and/or texts to be sent to a multitude of individuals residing in the State of Florida." *Id.* at ¶27.

20.     More than 10,000 texts were sent to phone numbers with a Florida area code.[1] Plaintiff alleges she has received unsolicited text messages "almost on a weekly basis" since 2018.[2] *Id.* at ¶20. Therefore, pursuant to the allegations in the Complaint and the number of texts sent to phone numbers with a Florida area code (more than 10,000 text messages), the allegations in the Complaint put at issue more than $5,000,000.

    **E.  No CAFA Exclusions Apply.**

21.     This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because California Pet Partners, the sole defendant in this action, is not a citizen of Florida, the state in which the action originally was filed, and, therefore, no exclusion applies.

    **III.  REMOVAL IS OTHERWISE PROCEDURALLY PROPER**

22.     California Pet Partners was served with the Complaint and Summons in the State Court Action on November 28, 2022. **Exhibit B**. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

---

[1] California Pet Partners denies that any texts sent by it or on its behalf violate any law, including the FTSA. Nor does California Pet Partners admit that the recipients of such texts would be class members. Instead, California Pet Partner appropriately relies on Plaintiff's own allegations for purposes of showing that removal under CAFA is proper because Plaintiff has placed at issue more than 10,000 texts (the texts sent by Defendant to numbers with a Florida area code) which, at a minimum of $500 per text, meets the amount in controversy requirement of $5,000,000. And, here, Plaintiff demands "up to $1,500 for every violation where the Court finds that the Defendant willfully or knowingly violated § 501.059(1)(a) of the FTSA," *Id.* at ¶¶ 1, 3(b) (Wherefore clause), as well as attorneys' fees. *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (considering statutory punitive damages as part of the jurisdictional amount in controversy under CAFA).

[2] Again, to be clear, Defendant denies that any text messages it sent to Plaintiff constituted a violation of the FTSA.

23. This Court is part of the "district and division embracing the place where" the State Court Action was filed: Broward County, Florida. 28 U.S.C. § 1441(a) and 1446(a).

24. A Notice of Filing Notice of Removal is to be filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and a true and correct copy of the same is attached hereto as **Exhibit E**. A copy of this Notice of Removal is also being filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).

WHEREFORE, California Pet Partners respectfully removes this action, now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Dated: December 28, 2022

Respectfully submitted,

s/*Yameel L. Mercado Robles*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles
Florida Bar No. 1003897
ymercadorobles@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
*Attorneys for Defendant California Pet Partners, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished this 28th day of December, 2022, via electronic mail upon the following:

Jeremy Dover
Florida Bar No. 110737
Pleadings@attorneysoftheinjured.com
Jdover@attorneysoftheinjured.com
DEMESMIN & DOVER, PLLC
1650 SE 17th Street, Suite 100
Fort Lauderdale, Florida 33316
*Attorneys for Plaintiff and Proposed Class*

                                                *s/Yameel L. Mercado Robles*